IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WILLIAM ROBERT WEEKS, JR.,

Petitioner,

vs.

CIVIL ACTION NO.: CV213-135

SUZANNE R. HASTINGS,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Weeks, Jr., ("Weeks"), who is presently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Weeks filed a Traverse. For the reasons which follow, Weeks' petition should be **DISMIISED**.

## STATEMENT OF THE CASE

Weeks was convicted, after a jury trial, in the Northern District of Texas, of: unlawful possession of a semiautomatic pistol, in violation of 18 U.S.C. §§ 2 & 922(g)(1); trafficking cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); and carrying and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 2 & 924(c)(1). The Government sought to enhance Weeks' sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Texas court determined that Weeks qualified as an armed career criminal based on

having more than three (3) prior violent felony convictions. Weeks was sentenced to a total of 420 months' imprisonment. Weeks filed an appeal and asserted that the evidence was insufficient to support his conviction under section 924(c) and his ACCA enhancement. The Fifth Circuit Court of Appeals affirmed his convictions and sentences. United States v. Speer, 30 F.3d 605 (5th Cir. 1994). The United States Supreme Court denied Weeks' petition for writ of certiorari. Weeks v. United States, 513 U.S. 1028 (1994).

Weeks filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, asserting that he was actually innocent of the use and carry portions of § 924(c) based on Bailey v. United States, 516 U.S. 137 (1995), and Muscarello v. United States, 524 U.S. 125 (1998). Weeks' motion was dismissed as untimely. Weeks' certificate of appealability was denied.

Weeks then filed a section 2241 petition in the district court for the Western District of Louisiana. In that petition, Weeks once again claimed he was actually innocent of his § 924(c) conviction and cited Bailey and Muscarello. Weeks' petition was dismissed because he failed to show that he satisfied the savings clause of § 2255(e).

In this petition, Weeks asserts that he is actually innocent of his conviction under § 924(c)(1) and that he is not an armed career criminal under the ACCA. Weeks bases his assertions on the Supreme Court decisions in Nijhawan v. Holder, 557 U.S. 29 (2009), and Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), which he maintains are retroactively applicable to cases on collateral review. Weeks also asserts that he is actually innocent of his section 924(c) conviction based on

AO 72A
(Rev. 8/82)

Bailey. Respondent asserts that Weeks' petition should be dismissed because he fails to satisfy section 2255's savings clause.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner must receive permission from the appropriate court of appeals before he can file a second or successive § 2255 motion when the prisoner has filed a § 2255 motion on a previous occasion. 28 U.S.C. §§ 2244(b)(3) & 2255(h). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Weeks' action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. However, Weeks offers no reason why § 2255 is inadequate or ineffective to

3

challenge the legality of his detention. Instead, Weeks states that he satisfies the savings clause.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. In order to meet the savings clause of § 2255 to proceed pursuant to section 2241 "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013).

Weeks has not shown that his claims are based on a retroactively applicable Supreme Court decision. The undersigned notes Weeks' reliance on Descamps. However, the Supreme Court has not declared that its decision in Descamps is retroactively applicable to cases on collateral review and the undersigned is unable to find any lower court decisions which indicate that this application is appropriate. Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W.Va. Jan. 17, 2014) (case law indicates that Descamps is not retroactively applicable to cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25)(N.D. Ohio)(Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.)(Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review and does not provide a basis for a movant to file a second or successive § 2255 motion); Newton v. Pearce,

4

AO 72A
(Rev. 8/82)

No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.)(Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive § 2255 motion).

In addition, Nijhawan is not applicable to Weeks' claims, as that case concerned an alien being deported under immigration statutes after being convicted for wire and bank fraud. 557 U.S. at 32. In Nijhawan, "the Supreme Court considered whether immigration courts could inquire into the underlying facts of an alien's prior fraud conviction for purposes of determining whether the loss to the victims exceeded $10,000 and, thus, constituted an 'aggravated felony' under 8 U.S.C. § 1227(a)(2)(A)(iii)." United States v. Weeks, 711 F.3d 1255, 1260 (11th Cir. 2013) (citing Nijhawan, 557 U.S. at 32–34). "The Supreme Court held that the loss determination called for a 'circumstance-specific approach,' unlike the 'categorical' or 'modified categorical' approach for assessing whether a prior conviction qualifies as a 'violent felony' under the ACCA, and that an immigration court could therefore consider the circumstances surrounding the prior conviction without limiting its inquiry to Shepard[ v. United States, 544 U.S. 13 (2005)], documents."[1] Id. (internal citation omitted). Even if

---

[1] In Shepard, the Supreme Court held "that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited

AO 72A
(Rev. 8/82)

this case applied to Weeks' claims, any claim filed with Nijhawan as support would be untimely, as that case was decided in 2009. Weeks filed this petition in 2013. 28 U.S.C. § 2255(f).

Nor has Weeks shown that his claims were foreclosed on previous occasions. In fact, Weeks raised his Bailey-based claims on previous occasions. Just because these claims were rejected or Weeks was time-barred from bringing these claims does not render § 2255 inadequate or ineffective. See Wofford, 177 F.3d at 1244. In other words, Weeks has not satisfied the requirements of § 2255's savings clause. Id. Because Weeks has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Weeks cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Weeks is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Weeks' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of January, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)