# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

WILLIAM ROBERT WEEKS, JR.,

    Petitioner,

vs.                                 CIVIL ACTION NO.: CV213-135

SUZANNE R. HASTINGS,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner William Weeks, Jr., ("Weeks"), filed Objections. In his Objections, Weeks contends that the United States Supreme Court's decision in <u>Descamps v. United States</u>, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), is retroactively applicable to 28 U.S.C. § 2241 petitions. Weeks asserts that <u>Descamps</u> represents a new substantive rule, which is retroactively applicable to his section 2241 petition.

<u>Descamps</u> follows a line of Supreme Court cases that delineate the procedures for determining when a prior conviction qualifies as one of the enumerated predicate offenses set forth in the ACCA. <u>See Descamps</u>, 133 S. Ct. at 2282–85 (discussing the formal and modified categorical approaches). The formal categorical approach— i.e., sentencing courts may only look to the elements of the prior conviction to determine

whether a prior conviction qualifies as one of the ACCA's enumerated predicate offenses— was established in Taylor v. United States, 495 U.S. 575 (1990). In Shepard v. United States, 544 U.S.13 (2005), the Supreme Court addressed the modified categorical approach and explained that a sentencing court may look to certain documents—e.g., the charging instrument, plea documents, jury instructions, judgments—if the offense of conviction was under a statue that contained alternative elements to determine which elements formed the basis of the prior conviction. Descamps did no more than clarify the Taylor and Shepard formal and modified categorical approaches. Descamps explained that the modified categorical approach "merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." 133 S. Ct. at 2285. It provides "a mechanism for making that comparison [the offense of conviction to the generic offense] when a statute lists multiple, alternative elements, and so effectively creates several different . . . crimes." Id. (internal quotation omitted) (alteration in original). Descamps emphasized that the "modified approach . . . acts not as an exception" to the categorical approach, "but instead as a tool" so that it "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime," and "preserves the categorical approach's basic method: comparing those elements with the generic offense's." Id. Descamps did not announce a new rule but provided further clarification on the proper roles and use of the established categorical and modified categorical approaches. Because Descamps did not announce a new rule, Weeks cannot show that his claim of actual innocence of his ACCA sentencing enhancement rests on a new rule announced by the Supreme Court that overturns circuit precedent.

AO 72A
(Rev. 8/82)

In addition, Weeks fails to show that his claims were foreclosed at the time he was tried, filed an appeal, filed his 28 U.S.C. § 2255 motion, or filed his first § 2241 petition, all of which occurred in the Fifth Circuit prior to 2008. United States v. Constante, 544 F.3d 584, 585 (5th Cir. 2008) ("[T]his court has not, in a published opinion, affirmatively stated that burglary under § 30.02(a)(3) of the Texas Penal Code does not qualify as a generic burglary under the Taylor definition."). Moreover, a section 2241 petition is a collateral review proceeding, as it is not a direct attack on a petitioner's conviction and/or sentence like a direct appeal is.

Weeks' Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Weeks' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 11 day of August, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)